**SO ORDERED: March 27, 2025.**



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| APRIL RENEE JACKSON, | ) Case No. 24-02737-JMC-13 |
| | ) |
| Debtor. | ) |
| | ) |

## ORDER OVERRULING OBJECTION TO CLAIM
## AND SUSTAINING OBJECTION TO CONFIRMATION

THIS MATTER comes before the Court on (1) the *Objection to Proof of Claim and Notice of Response Deadline* filed by April Renee Jackson ("Debtor") on August 2, 2024 (Docket No. 22) (the "Claim Objection"), as to Proof of Claim No. 3-1 (the "POC") filed by Johnie J. Friend and Debra K. Friend (the "Friends") on June 21, 2024; and (2) the *Objection to Confirmation of Chapter 13 Plan by Secured Creditors Johnie J. Friend and Debra K. Friend* filed on June 21, 2024 (Docket No. 13) (the "Confirmation Objection"), as to the *Chapter 13 Plan* filed by Debtor on May 28, 2024 (Docket No. 5) (the "Plan"). The Court, having reviewed the Claim Objection, the POC, the Confirmation Objection, the Plan, the *Response to Debtor's Objection to Secured Creditors Johnie J. Friend and Debra K. Friend's Proof of Claim* filed by the Friends on August 27, 2024 (Docket No. 24), the *Brief in Support of Secured Creditors*

*Johnie J. Friend and Debra K. Friend's Response to Debtor's Objection to the Friends' Proof of Claim* filed by the Friends on October 7, 2024 (Docket No. 30) ("Friends' Brief"), and the *Brief in Support of Debtor's Objection to Proof of Claim* filed by Debtor on December 6, 2024 (Docket No. 33) ("Debtor's Brief"), having heard the representations of counsel for Debtor and counsel for the Friends at a hearing on July 16, 2024 and September 5, 2024 (the "Hearing"), and being otherwise duly advised, now OVERRULES the Claim Objection and SUSTAINS the Confirmation Objection.

The POC sets forth the claim of the Friends (the "Claim") as sellers to Debtor of a house under a land contract. By the Claim Objection, Debtor asserts that the amount of the Friends' Claim, $49,226.47, overstates the amount of the debt. The problem for Debtor is that the Fayette Superior Court entered an *Amended Default Judgment Entry* against Debtor on March 15, 2024 (the "Judgment")[1] in the exact amount asserted in the Claim. At the Hearing and through the papers filed in this matter, the Court has discerned that Debtor wishes to reduce the amount of the Friends' Claim by demonstrating that the Judgment amount wrongly includes the amount of insurance proceeds that Debtor received after a fire damaged the house. Debtor claims that she used the insurance proceeds to repair the house after the fire. Debtor argues that allowing that part of the Claim based on her receipt of the insurance proceeds would allow the Friends to make a double recovery of those amounts.

Therefore, the issue arises whether this Court can ignore and go behind the Judgment to determine that Debtor owes the Friends an amount less than the Judgment amount.

After full consideration of the facts and law cited to the Court by the parties, the Court determines that the Claim Objection should be overruled because the Court is bound by the principles of *res judicata* and claim preclusion to accept the Judgment amount as the allowable

---

[1] *Friend v. Jackson*, Cause No. 21C01-2311-MF-000780.

amount of the Friends' Claim.[2]

Claim preclusion (*res judicata*) is broader than issue preclusion (collateral estoppel). "Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Brown v. Felsen*, 442 U.S. 127, 139 n.10, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (citations omitted). "The effect of a judgment in subsequent litigation is determined by the law of the jurisdiction that rendered the judgment". *In re Catt*, 368 F.3d 789, 790-91 (7th Cir. 2004) (citations omitted). Thus, Indiana law is applicable to determining the claim preclusion effect of the Judgment.

> Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. When claim preclusion applies, all matters that were *or might have been litigated* are deemed conclusively decided by the judgment in the prior action. Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, *or could have been,* determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies.

*Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1048 (Ind. Ct. App. 2007) (citation omitted; emphases in original).

No party has suggested that the Fayette Superior Court is not a court of competent jurisdiction or that the parties differ between the state court lawsuit and this matter. Therefore, the first and fourth factors are met. As to the second factor, Debtor suggested that the Court reconsider the Friends' Claim because the state court judgment was a default judgment against

---

[2] "The *Rooker-Feldman* doctrine recognizes that Congress has not 'authorize[d] district courts to exercise appellate jurisdiction over state-court judgments.' " *Gilbank v. Wood County Dep't of Human Servs.*, 111 F.4th 754, 765 (7th Cir. 2024) (quotation omitted). The Seventh Circuit noted the Supreme Court's "authoritative restatement" of the doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). *Id.* "In short, *Rooker-Feldman* must stay in its lane, allowing comity and abstention doctrines to do the work, when necessary, 'to stay or dismiss the federal action in favor of the state-court litigation,' and using preclusion principles to prevent a party from relitigating 'in federal court a matter previously litigated in state court.' " *Id.* at 766 (quoting *Exxon Mobil*, 544 U.S. at 292-93, 125 S.Ct. 1517).

Debtor.  However, "[a] default judgment is a judgment on the merits under Indiana law for purposes of res judicata (both issue preclusion and claim preclusion)".  *Nat'l City Bank, Indiana v. Kreitzer (In re Kreitzer),* Adv. Proc. No. 06-50663, 2008 WL 627409, at * 3 (Bankr. S.D. Ind. March 6, 2008) (citing *Eichenberger v. Eichenberger*, 743 N.E.2d 370, 374 (Ind. Ct. App. 2001)).  Therefore, the second factor is met.  As to the third factor, the Court concludes that the matter now at issue – the "correct" amount of the Friends' Claim – was adjudicated in the state court lawsuit.  The Friends presented the state court with an *Affidavit of Debt* (the "Debt Affidavit") which listed each component of the debt the Friends asserted was owed by Debtor, including the insurance proceeds, and the total amount of the debt asserted in the Debt Affidavit is the amount of the Judgment.[3]  Though Debtor did not timely respond to the state court complaint, Debtor filed a document in the state court on February 26, 2024, two days before the Friends filed their motion for default judgment.  Debtor's Brief, p. 4; Friends' Brief, Ex. F.  The Court's review of such document shows that Debtor merely advised the Fayette Superior Court that Debtor was going to file a chapter 13 bankruptcy case.  Debtor did not substantively contest the Friends' complaint or the Debt Affidavit.  In addition, Debtor did not appeal the Judgment.

Though there may be good reasons why the amount of the Claim could be questioned, the principles of *res judicata* and claim preclusion prohibit the Court from going behind the Judgment to determine that Debtor owes the Friends any amount other than the Judgment amount.  Therefore, the Claim Objection is OVERRULED.

Consistent with the Court's ruling on the amount of the Friends' Claim, the Confirmation Objection is SUSTAINED.  Debtor is ORDERED to file an amended plan within 30 days.

IT IS SO ORDERED.

### # # #

---

[3] The Court reviewed the Debt Affidavit on the state court's electronic docket.